```
              IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

                             CHARLESTON
```

**ALEX VINCENT GOLOSOW,**

    **Petitioner,**

**v.**                                               **Case No. 2:10-cv-00846**

**WILLIAM M. FOX, Warden,**
**St. Mary's Correctional Center,**

    **Respondent.**

## PROPOSED FINDINGS AND RECOMMENDATION

On June 17, 2010, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (docket sheet document # 1) in the United States District Court for the Northern District of West Virginia. It was transferred to this United States District Court on June 18, 2010, because it is the court with proper jurisdiction over Petitioner's habeas corpus petition. This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it is referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

On September 15, 2010, the undersigned ordered Respondent to file an answer or other pleading solely on the issue of the timeliness of Petitioner's section 2254 petition. (# 9). On October 15, 2010, Respondent filed an Answer on Timeliness Issue (# 10), a Motion to Dismiss Petition as Untimely Filed, with

accompanying exhibits (# 11), and a Memorandum of Law in support thereof (# 12).  Respondent's motion asserts that Petitioner's section 2254 petition is untimely under 28 U.S.C. § 2244(d)(1).

On November 2, 2010, the undersigned entered an Order setting deadlines for a response and reply to the Motion to Dismiss.  (# 13).

On November 16, 2010, Petitioner filed a Brief in Opposition to Respondent's Motion to Dismiss (# 14).  On November 19, 2010, Respondent filed a Reply (# 15).  The matter is now ripe for determination.

## **PROCEDURAL HISTORY**

On January 29, 2003, Petitioner was indicted by a Roane County Grand Jury on one count of Murder (Case No. 03-F-1).  (# 11, Ex. 1).  On May 5, 2003, Petitioner was convicted, following a jury trial, of First Degree Murder without a recommendation of mercy.  (Id.)  By Order entered June 3, 2003, Petitioner was sentenced to life in prison with no possibility of parole.  (Id., Ex. 2).  Petitioner was resentenced twice for the purpose of allowing him to file a timely Petition for Appeal, which was held up due to a delay in the preparation of trial transcripts.  (Id., Exs. 2 and 3).

According to Respondent's Memorandum of Law in support of his Motion to Dismiss, on January 27, 2004, Petitioner filed a Petition for a Writ of Habeas Corpus in the Circuit Court of Roane County (Case No. 04-C-4).  (Id., Ex. 7).  Despite being called a habeas

corpus petition, the object of this petition was apparently to have Petitioner's trial counsel removed and to be re-sentenced for the purpose of filing a timely direct appeal. (Id., Ex. 4 at 3). On February 26, 2004, Petitioner was re-sentenced for the purpose of filing an appeal, and on July 6, 2004, the court extended the period for filing a Petition for Appeal to August 26, 2004. (Id.; # 11, Ex. 3). Apparently, however, no Petition for Appeal was filed within that time frame.

On March 30, 2005, Petitioner, by counsel, filed a Motion for Leave to File Petition for Appeal Outside Time Limits in the Supreme Court of Appeals of West Virginia (the "SCAWV"). (# 11, Ex. 6). Then, on April 25, 2005, Petitioner, by counsel, filed a Petition for Appeal in the SCAWV. (Id., Ex. 4).

On July 5, 2005, the SCAWV entered an Order remanding the matter to the Circuit Court of Roane County for re-sentencing without considering the merits of the appeal. (Id.) On July 25, 2005, the Circuit Court of Roane County entered a new sentencing order, so that Petitioner could file a timely Petition for Appeal in the SCAWV. (Id., Ex. 2).

On December 6, 2005, Petitioner filed a Petition for Appeal from his conviction in the SCAWV, stemming from the re-sentencing order entered on July 25, 2005. (Id., Ex. 5). The SCAWV refused the appeal on March 2, 2006. (Id.)

Petitioner filed a Petition for a Writ of Certiorari in the Supreme Court, which was denied on June 19, 2006. (Id., Ex. 9).

On March 22, 2006, the SCAWV entered an order granting the Motion for Leave to File Petition for Appeal Outside of Time Limits, that had been filed on March 30, 2005, but refusing the motion as moot, in light of the Petition for Appeal that had been refused on July 5, 2005. (Id., Ex. 6).

On December 19, 2006, Petitioner filed a second Petition for a Writ of Habeas Corpus in the Circuit Court of Roane County (Case No. 06-C-105). (Id., Ex. 8). That petition was denied by Order entered on January 5, 2009. (Id., Ex. 9).

On July 29, 2009, Petitioner filed a Petition for Appeal from the denial of his second habeas corpus petition in the SCAWV. (Id., Ex. 9). The Petition for Appeal was refused on October 29, 2009. (Id.) Petitioner took no further action until he filed the instant section 2254 petition on June 17, 2010.

## **APPLICABLE STATUTE**

On April 24, 1996, a one-year limitation for filing of federal habeas corpus petitions was enacted as part of the Antiterrorism and Effective Death Penalty Act of 1996 ("the AEDPA"). The AEDPA provides, in part, that:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or law of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) further provides:

> The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(2).

Respondent has filed a Motion to Dismiss Petitioner's section 2254 petition as being time-barred under the provisions above (# 10). As noted in Respondent's Memorandum of Law in support of his Motion to Dismiss, the first date of significance in this matter is the date that Petitioner's judgment became final by the conclusion of direct review, or the expiration of the time for seeking such review. 28 U.S.C. § 2244(d)(1)(A).

Following the entry of two re-sentencing orders and Petitioner's eventual filing of a Petition for Appeal in the SCAWV, Petitioner's appeal was refused on March 2, 2006. Petitioner then

5

filed a Petition for a Writ of Certiorari, which was denied by the Supreme Court on June 19, 2006. Under the applicable law, Petitioner's judgment became final on that date - June 19, 2006. See Harris v. Hutchinson, 209 F.3d 325, 325 (4th Cir. 2000)(the time period for seeking direct review of a state court conviction concludes when either the period for filing a petition for a writ of certiorari in the Supreme Court expires, or when such writ is denied by the Supreme Court). Thus, the one-year statute of limitations began to run on June 20, 2006.

Absent a tolling event, the last date on which Petitioner could file a timely section 2254 petition was June 19, 2007. (# 12 at 6). Respondent argues that the one-year statute of limitations began to run on June 20, 2006, and ran for 182 days until Petitioner filed his Petition for a Writ of Habeas Corpus in the Circuit Court of Roane County (Case No. 06-C-105) on December 19, 2006. At that time, 183 days remained under the statute of limitations. (Id. at 7).

Respondent further asserts that the statute remained tolled until the SCAWV refused Petitioner's habeas appeal on October 29, 2009. Respondent argues that the statute began to run again on October 30, 2009, and ran until it expired 183 days later on May 1, 2010. (Id. at 7). Thus, Respondent argues that the instant section 2254 petition, which was filed on June 17, 2010, was filed 47 days after the expiration of the statute of limitations and

should be dismissed as being untimely.  (Id.)

On November 16, 2010, Petitioner filed a Brief in Opposition to Respondent's Motion to Dismiss (# 14).  Petitioner asserts that the court should include an additional 90 days in its calculation for the period in which he could have filed a Petition for a Writ of Certiorari in the Supreme Court following the denial of his habeas corpus appeal.  Petitioner further asserts this additional 90 days would make his section 2254 petition timely.  (Id. at 2-3).

Petitioner is mistaken.  As noted in the Reply filed by Respondent on November 19, 2010, in Lawrence v. Florida, 549 U.S. 327 (2007), the Supreme Court held that, unlike a direct appeal from a conviction, the filing of a Petition for a Writ of Certiorari following the denial of a state post-conviction or other collateral remedy does not toll the statute of limitations under section 2244(d)(2).  (# 15 at 3-4).  Accordingly, the additional 90 days that Petitioner argues should be included in the calculation concerning the timeliness of his section 2254 petition cannot be counted.  (Id. at 4).

The undersigned agrees with Respondent's calculation of the statute of limitations.  For the reasons stated herein, the undersigned proposes that the presiding District Judge **FIND** that Petitioner's present Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 (# 1) is untimely under 28 U.S.C. § 2244(d)(1).  It is respectfully **RECOMMENDED** that the presiding District Judge **GRANT**

Respondent's Motion to Dismiss (# 11) and dismiss this civil action from the docket of the court with prejudice.

The parties are notified that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(d) and 72(b), Federal Rules of Civil Procedure, the parties shall have fourteen days (filing of objections) and then three days (service/mailing) from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the district court and a waiver of appellate review by the circuit court of appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on the opposing party and Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation, to mail a copy of the same to Petitioner and to transmit a copy to counsel of record.

    November 23, 2010                                  Mary E. Stanley
          Date                                          Mary E. Stanley
                                                    United States Magistrate Judge